3
Michael H. Meyer, Esq. #82336
Chapter 13 Standing Trustee
Sarah R. Velasco, Esq. #255873
Staff Attorney
P.O. Box 28950
Fresno, CA 93729-8950
Telephone (559) 275-9512
Fax (559) 275-9518
E-mail: noticing@meyer13.com

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| IN RE: | CASE NO. 23-11859-A-13F |
|---|---|
| AUGUSTO CRISTIAN TRIGUEROS<br>XXX-XX-3704 | DC NO.: MHM-1<br>CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN |
| Debtor | DATE: October 26, 2023<br>TIME: 9:30 am<br>PLACE: U.S. Courthouse<br>       5th Floor, Dept A, Courtroom 11<br>       2500 Tulare Street<br>       Fresno, CA 93721<br>JUDGE: Hon. Jennifer E. Niemann |

**Michael H. Meyer**, Chapter 13 Trustee in the above referenced matter, objects to confirmation of the Chapter 13 Plan filed on August 25, 2023, on the following grounds:

### I.

### BASIS OF OBJECTION

**1. The plan fails to provide for submisson of all or such portion of future earnings or other future income to the supervison and control of the Trustee as is necessary for execution of the plan. [11 U.S.C. §1322(a)]**

    Tesla for a 2022 Tesla Y "36 month lease" is listed in Class 2 and Class 4 of the plan. Vehicle leases should be listed in Section 4.02 of the plan.

**2. The plan does not provide for all of Debtor's projected disposable income to be applied to unsecured creditors under the plan. [11 U.S.C. §1325(b)(1)(B)]**

The 122C-1 line 2 lists Debtor's gross wages for the six months prior to filing in the amount of $15,805.49. Based on the paystubs provided to the Trustee, Debtor's average gross wages for the six months prior to filing was $15,863.71 per month. The 122C-1 line 10 lists income from "second job" in the amount of $1,308.33. The Trustee did not receive Debtor's paystub dated March 3, 2023. Based on the paystub provided, Debtor's average gross income was at least $1,685.46 per month for the six-month look back period.

The 122C-2 lines 9b/33a deducts ongoing mortgage payments to Shellpoint Mortgage Servicing in the amount of $9,016.49. According to Schedule J line 4, the monthly mortgage payment is $2,921.94. Shellpoint Mortgage Servicing is also provided for in the plan as a Class 4 creditor with a monthly contract installment of $2,921.94. The Trustee requests a recent mortgage statement from Shellpoint Mortgage Servicing to verify the monthly payment amount.

Line 13b fails to deduct the Tesla Motors lease payment for the 2022 Tesla Y.

Line 23 deducts optional telephone and telephones services in the amount of $75.00. The Trustee request a telephone statement in support of the deduction on Line 23.

Line 27 deducts $110.19 for protection against family violence. Debtor must provide evidence that the monthly expense is reasonably necessary to maintain the safety of the Debtor under the Family Violence Prevention and Services Act or other federal law.

Line 41 deducts $274.77 for qualified retirement deductions. Based on Schedule I, it appears that the deduction on Line 41 is for voluntary retirement, which is not allowed.

Line 46 deducts "Debtor's 06/08/23 paystub includes a one-time employee referral bonus in the amount of $1,666. This is not a part of his regular wages," in the amount of $1,666.00. Declaration is necessary with evidentiary support regarding the deduction on Line 46. In addition, a one-time payment of $1,666.00 received during the six months prior to filing would not reduce Debtor's income by $1,666.00. The $1,666.00 would need to be divided by 6 months to calculate the average monthly deduction of $277.67.

## II.

## **POINTS AND AUTHORITIES**

11 U.S.C §1322(a) provides that a plan shall provide for certain payments to creditors and for

payment of claims within specified classes. Pursuant to 11 U.S.C. §1325(a)(1) the Court shall confirm a plan if the plan complies with the provisions of Chapter 13 and with other applicable provisions of this title.

11 U.S.C. §1325(a) provides that the Court shall confirm a plan if certain criteria set forth in §1325(a) is met.

The debtors carry the burden of proving, by a preponderance of the evidence, that the plan complies with the statutory requirements of confirmation. <u>In re Arnold and Baker Farms,</u> 177 B.R.648, 654 (9th Cir. BAP 1994), <u>In re Warren,</u> 89 B.R. 87, 93 (9th Cir. BAP 1988), <u>In re Wolff,</u> 22 B.R.510, 512 (9th Cir. 1982).

**WHEREFORE**, the Trustee requests that the Trustee's objection to confirmation of the plan be sustained.

DATED: 10/04/2023            Respectfully submitted,

/s/Michael H. Meyer

Michael H. Meyer, Chapter 13 Trustee